ELLEN McCABE *vs.* ISABELLA SWAP.

SAME *vs.* SAMUEL M. BELLOWS & another.

If a deed of land contains an express stipulation that the grantee shall pay off an existing mortgage upon the land, as a part of the consideration of the deed, and save the grantor harmless therefrom, a payment of that amount by the grantee and an assignment of the mortgage to him will operate as an extinguishment of the mortgage; and the grantor's widow, if she did not join in the deed, may maintain a writ of dower against the grantee or his assigns, although she joined in the mortgage for the purpose of releasing dower; and in such suit parol evidence will not be competent to show that the parties to the deed intended that the mortgage should be kept alive.

THE *first* of these causes was a writ of dower, to which the tenant pleaded that the demandant had released and conveyed away her dower, and that there was an outstanding mortgage upon the demanded premises which the demandant must redeem before dower could be decreed.

At the trial, before *Bigelow,* C. J., the title appeared to be as follows:

1. A mortgage of the premises by Michael McCabe, the demandant's husband, to Stephen S. Seavy, dated September 16, 1846, to secure a promissory note. The demandant joined in this mortgage, to release dower.   2. Deed of quitclaim from Michael McCabe to Samuel M. Bellows, dated June 27, 1851,

containing the following provisions: " Said premises are subject to a mortgage given by said McCabe to Stephen S. Seavy, bearing date September 15th 1846, on which there is now due about the sum of four hundred and thirty dollars, which mortgage said Bellows assumes and agrees to pay as a part of th ' consideration of this deed; and said Bellows agrees to pay th₁ amount now due on said mortgage, and save said McCabe harmless by reason of the same." The demandant did not sign this deed. 3. Deed of quitclaim from said Bellows to Isabella Swap, the tenant, dated October 4th 1851. 4. Assignment of the above named mortgage by said Seavy to said Bellows, dated October 11th 1851.

The demandant contended that the mortgage was extinguished; and, to meet this claim, the tenant offered certain testimony, which is sufficiently stated in the opinion, for the purpose of showing that the intention of Bellows and Michael McCabe was to keep the mortgage alive. The evidence was admitted *de bene.*

The *second* cause was a bill in equity to redeem the same premises from the mortgage, and is the same cause in which, at former stages thereof, decisions of this court are reported in 7 Gray, 148, and 1 Allen, 269.

These causes were reserved for the determination of the whole court, with the agreement that if the demandant should be found entitled to recover in her writ of dower, judgment should be entered therefor, and for damages to be determined by an assessor; and the bill in equity should be dismissed; otherwise, judgment for the tenant in the writ of dower, and such decree in the bill in equity as justice might require.

*D. S. Richardson & G. Stevens,* for the demandant.

*W. P. Webster,* for the tenant. The mortgage has never been discharged, but has been assigned, and it was the intention and for the interest of Bellows to keep it in force. *Brown* v. *Lapham,* 3 Cush. 551. The demandant was not a party to the alleged agreement of Bellows to pay off the mortgage. See

*Gibson* v. *Crehore*, 3 Pick. 475; *S. C.* 5 Pick. 146. If the mort-gage had actually been discharged, as in several of the cases in the books, and the question were whether it could be revived, a different question would be presented from the present. See *Eaton* v. *Simonds*, 14 Pick. 99; *Newton* v. *Cook*, 4 Gray, 46; *Kilborn* v. *Robbins*, 8 Allen, 471. The expression in the deed "subject to a mortgage," "which mortgage said Bellows as-sumes," does not import a promise to pay and cancel the mort-gage, and let in the widow to her dower. *Strong* v. *Converse*, 8 Allen, 557. *Savage* v. *Hall*, 12 Gray, 363. *Popkin* v. *Bum-stead*, 8 Mass. 491. And the additional words in the deed are merely an expression of what is implied in the former words.

The mortgage was never in fact paid by Bellows. The parol evidence shows that the mortgage was purchased by a third person, and assigned to Bellows by mistake. The evi-dence was admissible for this purpose. *Newton* v. *Cook*, 4 Gray, 46. *Peabody* v. *Tarbell*, 2 Cush. 226. *Freeman* v. *McGaw*, 15 Pick. 82. As against the mortgagee or any person claiming under him, the demandant is not entitled to dower without redeeming the mortgage. *McCabe* v. *Bellows*, 7 Gray, 148.

WELLS, J. The tenant resists the claim of dower by setting up a mortgage, in which the demandant released dower, and which was assigned to Bellows a few days after his deed to the tenant.

Assuming that the tenant, under her deed of quitclaim and release from Bellows, is entitled to avail herself of all his rights, although after acquired, the questions arise, 1st, Whether the writ of dower is barred by this mortgage title; if not, then 2dly, Whether the demandant is to have dower in the equity only, or in the whole estate.

The decisions since the adoption, in the Revised Statutes, of the provisions contained in the General Statutes, *c.* 90, § 2, establish these propositions:

*First.* When a purchaser pays off a mortgage, to which the right of dower would be subject, merely to clear the estate of the incumbrance, and not by virtue of any obligation to pay the

mortgage debt, and takes an assignment, or a conveyance of his interests from the mortgagee, he may stand on the mortgage title, if he please, and then no dower can be assigned without payment of the whole mortgage debt by the demandant. *Strong* v. *Converse*, 8 Allen, 557. *McCabe* v. *Bellows*, 7 Gray, 148.

*Second.* If, in such case, the mortgage be discharged, then he will be held to have redeemed, and the widow will take her dower in the equity, or by contribution, as she may elect, under Gen. Sts. *c.* 90, § 2. *Newton* v. *Cook*, 4 Gray, 46.

*Third.* But if the mortgage debt be paid by the debtor, or from his property, or in his behalf, then the payment will be treated as a satisfaction and discharge of the mortgage, and the widow will be remitted to her full right of dower. *Wedge* v. *Moore*, 6 Cush. 8.

*Fourth.* The payment will be held to be made in behalf of the debtor, when there is an obligation imposed by the grantor upon the purchaser to assume and pay the debt as his own; or when the grantor furnishes the means for the payment; as where, by the terms of the conveyance, the entire estate is sold, and the seller leaves a sufficient part of the purchase money in the hands of the grantee for the purpose. *Brown* v. *Lapham*, 3 Cush. 551. In such cases, if the purchaser take an assignment of the mortgage to himself, he will not be allowed to set it up, but the legal title thus acquired will be held to merge in the equity. *Bolton* v. *Ballard*, 13 Mass. 227. *Snow* v. *Stevens*, 15 Mass. 278.

It is said that "mergers are odious in equity." *Gibson* v. *Crehore*, 3 Pick. 475–482. It is undoubtedly so whenever injustice will be worked thereby. But when a party, for the purpose of defeating a meritorious right in another, sets up, as a subsisting title, a mortgage which it was his duty to pay, equity is equally ready to manifest its aversion to such an attempt; and we think that both law and equity coincide in declaring against it. This we understand to be the real doctrine of the proposition in *Gibson* v. *Crehore*, which has since been repeatedly quoted and approved, viz., that an assignment "shall or shall not operate as an extinguishment of the mortgage, according as

the interest of the party taking this assignment may be, and according to the real intent of the parties." It "does not so much depend upon the form of words used, as upon the relations subsisting between the parties." *Brown* v. *Lapham,* 3 Cush. 554. Accordingly an assignment in form is held to be an extinguishment, when the justice of the case requires it. *Wade* v. *Howard,* 6 Pick. 492.

In this case, the deed from McCabe to Bellows expressly stipulates that Bellows "assumes and agrees to pay" the mortgage "as a part of the consideration of this deed; and said Bellows agrees to pay the amount now due on said mortgage, and save said McCabe harmless by reason of the same." The acceptance of this deed made the amount due on the mortgage the debt of Bellows, which McCabe and his representatives could have compelled him to pay. *Pike* v. *Brown,* 7 Cush. 133. *Braman* v. *Dowse,* 12 Cush. 227. Bellows, by paying the mortgage debt according to his obligation, could have no interest nor intent, which the law would favor or recognize, to set it up against his grantor or any one standing upon his right.

The testimony of Hildreth, admitted *de bene,* shows an agreement between himself and Bellows, by which he was to advance the money to enable Bellows to procure an assignment of the mortgage to Hildreth, "to cut off this claim of dower." So far as this testimony was offered to prove an intent to preserve the mortgage title outstanding against the demandant, it is incompetent, because, as already shown, the law will not permit Bellows to carry such an intent into effect. It cannot be allowed to contradict the writing, which shows an assignment to Bellows. And although it might establish a trust in Bellows, if he could hold the assignment as a valid title, it cannot do so against the countervailing equities which require that it should be extinguished.

The testimony of Bellows is in some respects contradictory to that of Hildreth, in relation to the transaction of the purchase of the mortgage from Seavy; it is contradictory to his deed from McCabe in respect to the mortgage debt forming part of the consideration given for the land; and contradictory, one

part with another, in itself; so that it is difficult to say what it does tend to prove. But it does not seem to raise any questions other than those already disposed of. It does tend to show, however, apparently, that in his purchase from McCabe, the incumbrance of the right of dower was allowed for in the consideration; so that it strengthens the equity of the conclusion to which we arrive, which is, that the demandant is entitled to recover her full dower in the premises. The case must accordingly be sent to an assessor to ascertain and report the amount to which she is entitled as damages for the detention thereof.

As a result of this conclusion the suit in equity, argued with this, *McCabe* v. *Bellows,* must be dismissed, as the plaintiff has her remedy at law.